# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

————————

No. 23-50829

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Rudy Rodriguez Deleon,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-66-1

———————————————————————————

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Rudy Rodriguez Deleon pled guilty to possession with intent to distribute actual methamphetamine. A new version of the Sentencing Guidelines went into effect on November 1, 2023 — the day before Deleon was sentenced. *See* United States Sentencing Guideline Manual Supplement to Appendix C (November 1, 2023). The district court relied on the 2021 Guidelines and gave Deleon one criminal history point for a prior drug-

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

possession offense and two criminal history points because he committed the instant offense while under a criminal sentence. Deleon was sentenced to 105 months in prison and three years of supervised release. Deleon timely appealed.

According to Deleon, the district court incorrectly calculated his sentence because it relied on the 2021 version of the Guidelines when it should have relied on the 2023 version. He did not raise this objection below, so we review his challenge for plain error. FED. R. CRIM. P. 52. In an unopposed motion to vacate and remand, the Government concedes that the district court plainly erred when it "impose[d] the adjustment from the 2021 Guidelines Manual[] instead of using the applicable 2023 Guidelines."

The Government concedes, the district court plainly erred in calculating Deleon's sentence. We agree. The court relied on the 2021 Guidelines, which attributed two criminal history points for committing an offense while under a criminal sentence. *See* U.S.S.G. § 4A1.1(d) (2021). Unlike the 2021 Guidelines, the 2023 Sentencing Guidelines do not assign criminal history points under these circumstances for committing an offense while under a criminal sentence. Without the two-point adjustment, Deleon's Guidelines range should have been 87 to 121 months instead of 97 to 121 months.

We VACATE the judgment and REMAND for resentencing. Counsel's motion to withdraw is DISMISSED as moot.